IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREGORY MICHAEL MAKOZY, | ) | Bankruptcy No. 13-25231-CMB |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Adversary Proc. No. 13-2440-CMB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GREGORY MICHAEL MAKOZY, | ) | |
| | ) | |
| Defendant. | ) | |

*Appearances:* Megan E. Farrell, Esq. for Plaintiff, United States of America
David Fuchs, Esq. for Debtor-Defendant, Gregory Michael Makozy

## **MEMORANDUM OPINION**

The matters presently before the Court are the cross-motions for summary judgment[1] filed by the Plaintiff, United States of America, and Debtor-Defendant, Gregory Michael Makozy ("Debtor"). Plaintiff commenced the within adversary proceeding by filing its *Complaint to Determine Dischargeability of Debt* ("Complaint") seeking to except from

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(I), and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2593 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

discharge a judgment entered by the United States District Court for the Western District of Pennsylvania for violations of the Fair Labor Standards Act of 1938 ("FLSA") pursuant to 11 U.S.C. §523(a)(6).  Plaintiff avers in *The United States' Motion for Summary Judgment as to Nondischargeability of Debt* that the District Court's opinion establishing the debt found that the Debtor willfully violated the FLSA and, as such, Plaintiff is entitled to summary judgment. Debtor disagrees arguing in his *Motion for Summary Judgment* that the factual determinations made by the District Court do not support a finding of nondischargeability under §523(a)(6) and therefore, Debtor is entitled to summary judgment as a matter of law.

## PROCEDURAL & FACTUAL HISTORY

Debtor, Gregory Michael Makozy, commenced the underlying bankruptcy case by the filing of a Voluntary Petition under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Florida ("Florida Bankruptcy Court") on April 11, 2013.  Immediately thereafter, on April 12, 2013, Debtor filed his *Motion for Continuation of Automatic Stay* to which Rosemary C. Crawford, Esq., Trustee of Debtor's wife's bankruptcy case, objected. On May 23, 2013, the Florida Bankruptcy Court entered an order denying Debtor's motion for continuance and pursuant thereto, ordered the transfer of the underlying bankruptcy case to the Western District of Pennsylvania. On May 24, 2013, Debtor filed a *Notice of Appeal* of the May 24, 2013 order.  During the pendency of the appeal, on July 12, 2013, the Plaintiff commenced the within adversary proceeding. Upon Debtor's request, the Florida Bankruptcy Court granted Debtor an extension of time to respond to the Complaint until fourteen (14) days after the decision was rendered on Debtor's appeal.  By way of Opinion and Order dated November 22, 2013, the United States District Court for the Southern District of Florida

denied Debtor's appeal and affirmed the ruling of the Florida Bankruptcy Court. Accordingly, the bankruptcy case was transferred to the Western District of Pennsylvania on December 18, 2013 and assigned to this Court. At the status conference held on the within adversary proceeding on April 1, 2014, the parties indicated that they each wished to file a motion for summary judgment and the Court ordered that said cross-motions for summary judgment be filed within forty-five (45) days. The motions for summary judgment were filed by the Debtor and Plaintiff thereafter, each with a corresponding brief in support. A hearing on the cross-motions was held July 15, 2014, after which the Court took the matters under advisement.

Prior to Debtor's bankruptcy filing, Hilda L. Solis, Secretary of Labor of the United States Department of Labor ("Secretary"), brought suit against A-1 Mortgage Corporation, Debtor, and Debtor's wife, Maria Makozy, in the United States District Court for the Western District of Pennsylvania ("District Court") alleging willful violation of the Fair Labor Standards Act of 1938 ("FLSA"). Specifically, the Secretary averred that Debtor, along with his co-defendants, failed to pay employees of A-1 Mortgage Corporation the minimum wage, failed to pay employees for overtime hours worked, and failed to maintain accurate records of employee hours. During the course of litigation, the case against Maria Makozy and A-1 Mortgage Corporation was closed due their respective bankruptcy filings. On August 20, 2012, Secretary filed a motion for summary judgment. On March 21, 2013, the District Court rendered its *Memorandum Opinion* ("Opinion") granting the Secretary's motion and finding, in part, that Debtor willfully violated the FLSA as contemplated by that statute. The District Court entered judgment against Debtor, individually, in the amount of $136,544.22. Said judgment makes up the claim subject of the within adversary proceeding.

**APPLICABLE STANDARDS & ANALYSIS**

Applicable Standards

This Court has previously observed that:

[t]he standard for evaluating motions for summary judgment set forth in Fed.R.Civ.P. 56, made applicable to the within adversary proceeding by Fed.R.Bankr.P. 7056, provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the initial burden of identifying evidence which demonstrates the absence of material fact. *Rosen v. Bezner,* 996 F.2d 1527, 1530 (3d Cir.1993). Said burden may be satisfied by citing to materials in the record, including depositions, documents, affidavits, stipulations, admissions, and interrogatory answers. *See* Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the court shall draw all inferences from the underlying facts in the light most favorable to the non-moving party. *Bezner,* 996 F.2d at 1530.

*Bricker v. Scalera (In re Scalera)*, BR 11-27241-CMB, 2013 WL 5963554 at *1 (Bankr.W.D. Pa. Nov. 8, 2013).

Section 523(a)(6) of the United States Bankruptcy Code excepts from discharge debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity[.]" *See* 11 U.S.C. §523(a)(6). To succeed on a claim under §523(a)(6), a plaintiff must show that not only was an injury incurred, but also that the defendant's conduct in inflicting said injury was both "willful" and "malicious." *Nakonetschny v. Rezykowski (In re Rezykowski)*, 493 B.R. 713, 721 (Bankr. E.D. Pa. 2013). "Willful" and "malicious" have separate meanings when analyzed under §523(a)(6) and are treated as distinct elements. *GMAC v. Coley (In re Coley)*, 433 B.R. 476, 497 (Bankr.E.D.Pa. 2010).

Negligent or reckless acts are insufficient to establish that an injury was "willful and malicious." *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S. Ct. 974, 978, 140 L. Ed. 2d 90 (1998). ". . . [F]or an injury to be willful it surely must be more than a highly likely but

4

unintended result of the debtor's action. Rather, for the injury to have been 'willed' by the debtor, it must at least have been substantially certain to result from the debtor's act." *Conte v. Gautum (In re Conte)*, 33 F.3d 303, 307 (3d Cir. 1994). Thus, actions are "willful" as contemplated by §523(a)(6), if they "either have a purpose of producing injury or have a substantial certainty of producing injury." *Id.*

Malice under §523(a)(6) has a meaning distinct from a non-bankruptcy context. *In re Coley*, 433 B.R. at 498 (citation omitted). An injury under §523(a)(6) is "malicious" if it was "wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will." *In re Conte*, 33 F.3d at 308 (citation omitted). Accordingly, no finding of specific intent to cause injury is required. *In re Coley*, 433 B.R. at 498 (citation omitted).

Analysis

In the within matter, Plaintiff avers that the District Court's determination in its Opinion that the Debtor "willfully" violated the FLSA, as well as its specific findings set forth in the Opinion in support thereof, warrants a finding by this Court that there is no genuine dispute that Debtor's conduct was "willful" for the purposes of 11 U.S.C. §523(a)(6). Debtor disagrees arguing in his *Motion for Summary Judgment* that the Opinion fails to support a finding that the Debtor's violation of the FLSA was "willful" under §523(a)(6) and therefore, Debtor is entitled to summary judgment as a matter of law.

In rendering its Opinion, the District Court observed that the appropriate standard for determining whether the Debtor's violations of the FLSA were "willful" was whether the Debtor either knew or showed reckless disregard for whether his conduct violated the FLSA. In contrast, "willfulness" under 11 U.S.C. §523(a)(6) requires a showing that the actions were done with

5

either the purpose of producing injury or substantial certainty of producing injury. *See In re Conte*, 33 F.3d at 307. It is evident from a plain reading that these standards are incongruent and both the Plaintiff and Defendant have conceded as much in their respective pleadings. Thus, the District Court's determination that Debtor's violation of the FLSA was "willful" alone is not dispositive of whether the same actions support a finding of "willfulness" under 11 U.S.C. §523(a)(6). Consequently, the Court must look at the findings supporting the District Court's conclusion that the actions were "willful" under the FLSA to determine whether said actions rose to the level of "willfulness" under 11 U.S.C. §523(a)(6).

After careful reading of the Opinion, the Court is unconvinced that there is an absence of genuine dispute as to whether Debtor's violations of the FLSA were committed "willfully" under §523(a)(6). The Court finds that while it is disputable that the Opinion supports a finding of "willfulness" as required by §523(a)(6), it is also disputable that it does not. Accordingly, the Court finds that both Debtor and Plaintiff failed to meet their respective burden of establishing an absence of a genuine dispute as to material fact and therefore, neither motion for summary judgment should be granted.[2]

## CONCLUSION

For the foregoing reasons, *The United States' Motion for Summary Judgment as to Nondischargeability of Debt* filed by Plaintiff, as well as the *Motion for Summary Judgment* filed by Debtor, are denied as both parties failed to demonstrate an absence of a genuine dispute as to any material fact; specifically, whether Debtor's violation of the FLSA was "willful" as

---

[2] As the Court finds that there is a genuine dispute as to whether the District Court's Opinion supports a finding of "willfulness" as contemplated by 11 U.S.C. §523(a)(6), the Court need not evaluate whether there is a genuine issue of fact as to "maliciousness" at this time.

contemplated by 11 U.S.C. 523(a)(6). An appropriate Order will be entered consistent with this

Memorandum Opinion.

Dated: September 9, 2014                                    /s/ Carlota M. Böhm
                                                            Carlota M. Böhm
                                                            United States Bankruptcy Judge

**MAIL TO:**
Megan E. Farrell, Esq.
David Fuchs, Esq.
Gregory Michael Makozy
Natalie Lutz Cardiello, Esq., Trustee